# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON EDWARD TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-19-663-BMJ |
| ANDREW SAUL,<br>Commissioner of Social<br>Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] and Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 5]. This matter has been assigned pursuant to *In re: Social Security Cases*, GO 16-4 (W.D. Okla.) (eff. Jan. 1, 2017).

Plaintiff is required to pay a fee of $400.00 to commence his civil action.[1] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

---

[1]The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Plaintiff filed his original request to proceed in forma pauperis on July 22, 2019. [Doc. No. 2]. An Application to Proceed in District Court Without Prepaying Fees or Costs was included in the motion. *Id.* at 2-3. In the application, Plaintiff identified that he received income from loans and did not list any expenses or other financial obligations. *Id.* Plaintiff signed the application and it was dated July 22, 2019. *Id.* at 3.

On July 23, 2019, the Court ordered Plaintiff to file an amended Application to Proceed in District Court Without Prepaying Fees or Costs to identify the amount he receives per month in loan income and food stamps and the amount of his monthly expenses, if any. [Doc. No. 3]. Because Plaintiff did not file an amended application prior to the deadline, on August 22, 2019, the Court sua sponte extended Plaintiff's deadline to submit an amended application to September 5, 2019. [Doc. No. 4].

On September 3, 2019, Plaintiff filed an amended motion. [Doc. No. 5]. The only additions to the application are a notation that the amount of money Plaintiff has in a checking or savings account is "N/A" and a paragraph which states: "I am unemployed and I moved in with my family. I don't pay bills. I get $180.00 a month in food stamps and people give me money when I need it and ask for it." *Id.* at 3. The additional information provided in the amended motion is in handwriting significantly different than the information provided in the original motion. *Compare* Doc. No. 2, at 2 *with* Doc. No. 3, at 3. Furthermore, the application in the amended motion remains dated July 22, 2019, and the signature and printed name are identical to that contained in the original motion. *Compare* Doc. No. 2, at 3 *with* Doc. No. 3, at 3.

Plaintiff is statutorily required to submit an "affidavit" including a statement of all assets he possesses. 28 U.S.C. § 1915(a); *see also id.* at § 1746 (permitting the use of a declaration in lieu of an affidavit when the declarant declares the information is true and correct under penalty

of perjury). The Local Civil Rules require an applicant who seeks leave to proceed in forma pauperis to submit an application on the forms approved by the court. LCvR 3.3(a). The form requires an applicant to sign a statement which states "I understand that a false statement or answer to any question in this declaration could subject me to penalties of perjury and/or may result in the dismissal of all my claims pursuant to 28 U.S.C. 1915(e)(2)(A)."

Here, the amended application included information sought by the Court. But the application was signed prior to the inclusion of the new information. As such, the document was not signed under penalty of perjury as required by statute and the Court's local rules. Therefore, Plaintiff does not qualify to proceed in forma pauperis.

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] and Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 5] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before October 28, 2019. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 7th day of October, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE